ALFREDO BRAVO CABASSA, Appellant, *v.* THE REGISTRAR OF
PROPERTY OF MAYAGÜEZ, Respondent.

No. 1267.   Submitted November 6, 1950.—Decided November 30, 1950.

*Mario Báez García* for appellant.   The Registrar appeared by
brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of Mayagüez at the request of Alfredo
Bravo Cabassa and after having followed the proper proce-
dure, declared that petitioner had proved his title to an urban
property and ordered its registration in the Registry of Prop-
erty of Mayagüez "if no other entry prevented it."   Said
property is described as follows:

"URBAN: Lot located in Concordia Street, Marina Septen-
trional Ward in the city of Mayagüez, with the following bound-
aries and measurements: on the front, which is the west side,
it measures fifteen meters thirty-four centimeters and it is
bounded by Concordia Street; on the east, which is the rear, it
measures twelve meters fifty-five centimeters and it is bounded

now by Pueblo Verde Ward and formerly by lands belonging to a refinery; on the south, which is its left side, it measures twenty-four meters ninety centimeters and now it is bounded by the property of José A. Cesaní, formerly lands belonging to Mrs. López and afterwards to Arturo Martínez; and on the north which is its right side, it measures twenty-three meters forty-five centimeters and it is bounded by a street in Pueblo Verde, and formerly lands belonging to a refinery. The area of the lot object of this transfer of ownership is THREE HUNDRED THIRTY-SEVEN METERS TWELVE SQUARE CENTIMETERS. A frame house, zinc-roofed, used as living quarters with a garage in the yard is built on this lot."

Upon presenting the order to the registry, the Registrar refused to record it for the reasons stated in the following note:

"Record of this document is DENIED because the lot object of the proceeding is the same which appears recorded in favor of Manuel A. Fernández Rivera on page 108 reverse of Vol. 15 of Mayagüez, property No. 975, second entry. In view of the antecedents and circumstances of the case, this proceeding is not sufficient to cancel, as would the registration of the dominion title, the entry in the registry, since it has not been decreed by a court order after a trial, nor can it be maintained that Manuel A. Fernández Rivera or his heirs have consented to the cancellation of the registration of the dominion title in the registry, for it does not appear that they were summoned, although in the certified copy of the order of the court it is stated that the former owners were summoned and the CORRESPONDING CAUTIONARY NOTICE IS ENTERED for the legal term . . ."

This administrative appeal was taken against said note. ▉▉▉ The description of the property which appears recorded in the Registry of Property of Mayagüez in favor of Manuel A. Fernández Rivera and to which the note of the registrar refers, according to respondent's brief, is as follows:

"URBAN: Frame house shingle-roofed, with its kitchen and yard and the lot on which it is erected which measures seventeen varas in the front which is equivalent to fourteen meters one hundred ninety-five millimeters by nineteen varas depth equiva-

lent to fifteen meters four hundred sixty-five millimeters, the whole located in *Marina Meridional* Ward in this city, its main front facing Concordia Street, it lacks the street number and is bounded on the right as you go in, the SOUTH, by lands belonging to Mrs. López; on the rear or EAST, by other lands of the refinery, as well as on the left NORTH formerly adjoining Caño Boca· Morena, a street or path and lands belonging to Baltasar Vigo. Area 219.53 square meters."

We have repeatedly decided that "The registrar should deny the record not only when he is fully certain that the right sought to be recorded has already been recorded in the name of a person other than the one who makes the transfer, but also when he has a reasonable and well-founded doubt thereon." *Marrero* v. *Registrar of Mayagüez*, 25 P.R.R. 779, 781 and cases cited therein; *Colón* v. *Registrar of Caguas*, 24 P.R.R. 719; *Carmona* v. *Registrar*, 64 P.R.R. 241.

Let us see whether respondent registrar acted correctly in the present case.

In the first place, in comparing the description of the property recorded in the registry with that of the dominion title proceeding, respondent states that the boundaries of the properties are the same. In our opinion he is correct since both properties are bounded on the north by a street (the one recorded has no name and the one in the proceeding is Pueblo Verde Street) ; on the south the recorded property is bounded by Mrs. López' lands and the property in the proceeding formerly by the same lands; on the west both properties are bounded by Concordia Street, and on the east the recorded property by lands belonging to a refinery and the property in the proceeding formerly by those same lands.

Respondent also maintains that the area of both properties is more or less the same. The recorded property has an area of 225.20 square meters (14.195 meters on the front by 15.865 depth). The one described in the proceeding has an area of 337.12 square meters but respondent registrar calls attention to the fact that in the fourth "Whereas" of the

order rendered by the District Court of Mayagüez it is stated that although the described property shows an area of 337.12 square meters, "the truth is that said property is the same which appears paying taxes with an area of 237.18175 square meters, the difference between the alleged area and that which appears on the receipt being due to the fact that the farm was measured recently and showed a larger area."

Respondent alleges that both measurements stated in the recorded property were taken in 1888 and that there is only a difference of 11.98 square meters between the area of 225.20 square meters shown in the registry and that of 237.181 square meters in the tax receipt, which is nothing uncommon since almost every property shows a difference between the area recorded and the one appearing in the tax receipt. In addition, he maintains that in order to compare the alleged two farms the new survey made in 1949 should not be considered, there being sufficient basis to either be certain or to doubt that the property recorded as having an area of 225.20 square meters be the same one of 237.18 square meters in the tax receipt. We believe that the Registrar was also justified in reaching this conclusion.

The third point to which respondent calls our attention is that concerning the ward where the property is located. The recorded property appears as situated in Marina *Meridional* Ward and the one in the proceeding in Marina *Septentrional* Ward. The Registrar maintains that notwithstanding the fact that the description of the recorded farm shows that it is located in the Marina *Meridional* Ward, it is a fact that according to the index of urban properties of the registry, the property appears in the Marina *Septentrional* Ward, since Concordia Street in Mayagüez appears in Marina Septentrional and that, consequently, he reaches the conclusion that an error was committed either by the notary who wrote the deed in 1888 or by the employee of the registry who recorded it, and he bases his conclusion on two grounds: (*a*) that according to said index, Concordia Street in Mayagüez, is in Marina

Septentrional Ward, and (b) because according to the certificate issued by the municipal secretary of Mayagüez as to the territorial demarcation of the urban wards Marina Meridional and Marina Septentrional, said officer certified that Concordia Street, the only one bearing that name in Mayagüez, is comprised in all its extent within the urban ward of Marina Septentrional, the other boundary of the recorded property, that is, Caño Boca Morena, previously on the north, being also comprised within said ward. According to these entries we cannot say that the Registrar was not justified in concluding that the property recorded and the one in the proceeding are both located in the same ward Marina Septentrional.

As an additional reason in support of his note, respondent calls our attention to the fact that the person who has the property recorded in the registry is Manuel A. Fernández Rivera and among the former owners of the property the object of the dominion title proceeding, Manuel Fernández García appears as its last owner who sold it on July 10, 1924, and that although he is not sure but he has "the impression that the latter is the son of Manuel A. Fernández Rivera" and this fact is a sufficient basis for a reasonable doubt that the properties are the same and that Fernández García had acquired it by inheritance from this father.

Respondent concludes by saying that according to the facts stated concerning the boundaries, area, ward, street and former owners, he is certain that it is the same property or at least that there is ground to believe within a reasonable and well-founded doubt that they are the same.

In *Díaz* v. *The Registrar of Property*, 16 P.R.R. 261, 262, we said that "It would be necessary to show that the doubt of the registrar was groundless in order to permit us to reverse his decision and order the record sought."

Appellant has not convinced us that the doubt expressed by the Registrar in this case is not well founded. On the contrary we agree that said doubt emerges from the aforesaid

circumstances. This being so, the fact that it was shown in the dominion title proceeding that the previous owners had been summoned is not sufficient to secure the cancellation of a contradictory entry existing in the registry unless the record owner consented thereto or unless he is heard and defeated in court, upon objecting to the relief sought by the petitioner. *Rodríguez* v. *Registrar*, 65 P.R.R. 614; *Iñesta* v. *Registrar*, 65 P.R.R. 726; *Alcázar* v. *District Court*, 67 P.R.R. 680; *Mercado* v. *Registrar*, 68 P.R.R. 129; *Benítez* v. *Registrar*, *ante*, p. 526. As a matter of fact said cancellation was not sought in the dominion title proceeding instituted by appellant in this case nor did the court order it. On the contrary it ordered the registration provided there were no contradictory entries to prevent it.

The note appealed from will be affirmed.